Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

__Middle__ District of __Florida__

__Ocala__ Division

Case No. __5:24-CV-593SPCPRL__
(to be filled in by the Clerk's Office)

__Emanuel Angelo Tuggerson__
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

__Anthony Micheal Tatti__,
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

LEGAL MAIL
Provided to
Wakulla CI

OCT 3 1 2024

FOR MAILING

FILED NOV 4 2024 AM 11:35 USDC - FLMD - OCA

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Page 1 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- Name: EMANUEL ANGELO TUGGERSON
- All other names by which you have been known: Mr. Tuggerson / [redacted]
- ID Number: S60786
- Current Institution: Wakulla C.I. - Annex
- Address: 110 Melaleuca Drive
  Crawfordville, Fla. 32327
  City / State / Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
- Name: Anthony Micheal Tatti
- Job or Title (if known): Circuit Judge
- Shield Number:
- Employer: Fifth Judicial Circuit, in and for Marion County
- Address: 110 N.W. 1st Ave., Suite #500
  Ocala, Fla. 34475
  City / State / Zip Code

[X] Individual capacity   [X] Official capacity

Defendant No. 2
- Name:
- Job or Title (if known):
- Shield Number:
- Employer:
- Address:
  City / State / Zip Code

[ ] Individual capacity   [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name                     _____
    Job or Title *(if known)*     _____
    Shield Number          _____
    Employer                _____
    Address                  _____

                                      *City*           *State*         *Zip Code*
                        ☐ Individual capacity     ☐ Official capacity

Defendant No. 4
    Name                     _____
    Job or Title *(if known)*     _____
    Shield Number          _____
    Employer                _____
    Address                  _____

                                      *City*           *State*         *Zip Code*
                        ☐ Individual capacity     ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

    A.     Are you bringing suit against *(check all that apply)*:

            ☐ Federal officials (a *Bivens* claim)

            ☒ State or local officials (a § 1983 claim)

    B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

(Violation of Due Process)
"Fourteenth Amendment" and "Fifth Amendment"

    C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

On May 18, 2017, I was indicted by Grand Jury for two counts of First Degree Murder, with Co-defendant (Isaiah Richard). In 2019 Judge Anthony M. Tatti violated our Due process rights and seperated our case without a hearing or motion from any of the attorneys involved in the case, then he emmidiately sent the plaintiff to trial and sentenced him to life

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

Between June 14, 2019 and Febuary 24, 2020. (Judge Tatti has had the plaintiff's case record sealed from the public and any other parties interest since his conviction for several years until 2024. Judge Tatti denied the plaintiff's appeal attorney access to this case until he was removed from bench in 2024.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* Judge Tatti exercised tyranny on the Bench to maliciously prosecute the plaintiff for his role in another murder case that was trialed in late 2019. Judge Tatti seperated the plaintiff's case from trial with his codefendant (Isaiah Richards), Then emmediately took the plaintiff to trial after the plaintiff requested other hearings before trial. Judge Tatti violated both defendants in the criminal case's Right to Due Process, but the plaintiff suffered great harm because he was convicted and sentenced to two life sentences, then several month later Judge Tatti provided the plaintiff's codefendant several hearings and a plea offer of ten year. Judge Tatti Seperated our cases without hearings or motions.
(See Three Attachment pages)

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Suffered from severe and

1. Major Depression the plaintiff's been diagnosed for from the stress of being in prison with two life Sentences, the plaintiff has also suffered from Social abandonment from incarcerated with such a long sentence with minimal financial, Social, and emotional support while incarcerated. The plaintiff also lost his fiance because of his Sentence.
2. Judge Tatti consistently denied the plaintiff access to the court over the last five years.

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. $850,000.00 (USD) in Punitive damages
2. $450,000.00 (USD) in Compensatory and Emotional damages.
3. $20,000.00 (USD) actual damages the plaintiff had to pay an atterney to appeal conviction.
4. case overturned and redressed before trial.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). 2019 and 2020 the plaintiff was in Marion County Jail as pretrial detainee. The plaintiff has grievanced his claims to the "Florida Judicial Qualification Comission".

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☒ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☒ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

   Judicial Qualification Commission of Florida.

2. What did you claim in your grievance?

   Violation of Due Process

3. What was the result, if any?

   I don't know (pending)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

1. In November of 2015 the plaintiff was eighteen years old a charged with a First Degree Felony, in which the Defendant Judge Anthony M. Tatti presided over. During this particular case the plaintiff's innocence were affirmed and the charges were dropped against the plaintiff.

2. When these charges were in the process of being dropped Judge Anthony M. Tatti told the plaintiff "if he ever came back in his courtroom he would make sure he never got out of prison". (2017)

3. On May 18, 2017 the Plaintiff was Indicted by Grand Jury for two-counts of First Degree Murder with a codefendant (Isaiah Richards)(case No. 17CF001706BX).

4. Judge Willard Pope was the original Judge presiding over the plaintiff and his codefendant's joint case.

5. Between March and May 2019, Judge Willard Pope retired, and the plaintiff and his Codefendants was moved to another Judge.

6. On May 5, 2019 Judge Lisa Herndon was assigned to preside over the plaintiff and Codefendant's case, until a conflict of interest was raised.

7. On June 14, 2019 the plaintiff and his Codefendant's case was reassigned to preside on Judge Anthony M. Tatti's court docket.

8. Between July 7, 2019 and Febuary 20, 2020 Judge Anthony M. Tatti Seperated the Plaintiff's case from his codefendant without a hearing or Motion filed by the state Attorney's Office, or the plaintiff's attorney, or the plaintiff's codefendant's attorney.

9. Judge Anthony M. Tatti Seperated the plaintiff's case from his codefendants case so that he could fulfill his promise to imprison the plaintiff by exercising tyranny from the bench.

10. Judge Tatti Violated the Plaintiff's Fifth and

(Attachment 1 of 3)

Fourteenth Amendment Rights of the United States Constitution by denying the plaintiff Due Process of the courts in a capitol Felony case to deprive the plaintiff of Liberty.

11. Judge Tatti emmediately trialed the plaintiff without allowing the Plaintiff the right to exercise Due Process of inadmissible evidence to be suppress when the plaintiff address such issues to the court. be Trial.

12. Judge Tatti seperated the plaintiff's case from his codefendant without exercising any legitimate action of common law, and violated elementary principles of procedural Due Process.

13. Judge Tatti abandoned all Judicial principles to deny the plaintiff Due Process, a fair trial, and Liberty.

14. The Plaintiff's Jury Trial deliberations lasted no longer than One hour because of Judge Tatti abuse on the bench, and the plaintiff was Convicted and sentenced to two Life Sentences.

15. Judge Tatti continued the plaintiff's codefendant's case over another fourteen months, in which the plaintiff's codefendant was given the Due Process to Deposition the same witnesses the plaintiff address concerns about, and file relevant motions before a Jury Trial.

16. Judge Tatti permitted the plaintiff's codefendant Due Process then sentenced him to Ten years in prison.

17. Judge Tatti's disparage in sentencing the plaintiff and his codefendant (Isaiah Richards) further shows his discretion of hostility and retribution desired for the Plaintiff.

18. When Judge Tatti was reasigned to preside over the plaintiff's case he emmediately responded to his promise and tried to ensure the plaintiff be incarcerated forever.

19. Judge Tatti made the plaintiff appear at several

(Attachment 2 of 3)

pretrial conferences without his attorney right before Jury selection.

20. The plaintiff was indicted by Grand Jury with his codefendant to be trialed by the information within the Indictment.

21. Judge Tatti acted in excess of his jurisdiction and altered the information sworn in the Indictment in which the Plaintiff and his Codefendant was to be trialed by together when he seperated their case outside of Due Process and/or Common Law.

22. Judge Tatti used no Statutory or Common Law authority to Seperate the Plaintiff and his Codefendant's case after being Indicted by Grand Jury.

23. Judge Tatti has also been prosecuted, and under investigation by the "Florida Judicial Qualification Commission" for his abuse of authority on the bench.

24. The plaintiff has suffered from years of Major depression, confusion, and stress from being sentenced and violated by Judge Tatti's Tyranny.

25. The plaintiff has suffered from years of no financial support, Social Support, and emotional support. Because of his long sentence, costing him relationships, attorney fees, and communication surrounding these circumstances.

26. The plaintiff has been diagnosed for his depression and stress Judge Tatti has inflicted, and was admitted into a mental Health program for over two years because of circumstances from the effects of depression and stress.

27. When the plaintiff hired appeal Attorney (Rachel Reese) Judge Tatti consistently denied the plaintiff's appeal attorney access to his case and records for over a year denying the plaintiff access to the court to overturn the sentence and conviction, until 2024.

(Attachment 3 of 3)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: The plaintiff's claims are against an actual Ciruit Judge not a member of any agencies of the State. The Plaintiff didn't discover that Judge Tatti unlawful Seperated his case from codefendant until he recieved his record on appeal transcripts.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

"Florida Judicial Qualification Commission".

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. The plaintiff didn't discover that Judge Tatti acted outside of his jurisdiction and Judge Tatti seperating his case wasn't a judicial act until he recieved his record on appeal Transcripts and the plaintiff emmediately filed a complaint to "FJQC".

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____

3. Docket or index number
   _____

4. Name of Judge assigned to your case
   _____

5. Approximate date of filing lawsuit
   _____

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition. ~~[scribbled out]~~

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ~~T.Sketo, B.Moore, L.Gushlaw, Thompson, Smith, Morgan, Fitch, Sims~~

   Defendant(s) T.Sketo, B.Moore, L.Gushlaw, Thompson, Smith, Morgan, Fitch, Sims

2. Court *(if federal court, name the district; if state court, name the county and State)*

   United States District Court in the Northern District of Tallahassee Division.

3. Docket or index number

   -4:22cv66-MW-MAF

4. Name of Judge assigned to your case

   (Magistrate Judge) Martin A. Fitzpatrick

5. Approximate date of filing lawsuit

   2022

6. Is the case still pending?

   ☒ Yes

   ☐ No

   If no, give the approximate date of disposition

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   (pending)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/31/24

Signature of Plaintiff: /s/ [signature]
Printed Name of Plaintiff: Emanuel Angelo Tuggerson
Prison Identification #: #S60786
Prison Address: (Wakulla C.I.-Annex) 110 Melaleuca Drive, Crawfordville, Fla. 32327

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____ City _____ State _____ Zip Code
Telephone Number: _____
E-mail Address: _____

Page 11 of 11